CSM Legal, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RIGOBERTO EMMANUEL FERNANDEZ
ESTEVEZ, *individually and on behalf of*
*others similarly situated,*

       *Plaintiff*,

    -against-

KINGS FINEST DELI INC. (D/B/A KINGS
FINEST DELI), KING'S DELI & GROCERY,
INC.  (D/B/A KING FINEST DELI),
MANSOUR YEHYA, JOSE ALFREDO
JIMENEZ, and MOHAMED ABDO
YEHIYA,

       *Defendants.*

-------------------------------------------------------X

           **COMPLAINT**

      **COLLECTIVE ACTION UNDER**
        **29 U.S.C. § 216(b)**

         **ECF Case**

   Plaintiff Rigoberto Emmanuel Fernandez Estevez ("Plaintiff Fernandez" or "Mr. Fernandez"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Kings Finest Deli Inc. (d/b/a Kings Finest Deli), King's Deli & Grocery, Inc. (d/b/a King Finest Deli), ("Defendant Corporations"), Mansour Yehya, Jose Alfredo Jimenez, and Mohamed Abdo Yehiya, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Fernandez is a former employee of Defendants Kings Finest Deli Inc. (d/b/a Kings Finest Deli), King's Deli & Grocery, Inc. (d/b/a King Finest Deli), Mansour Yehya, Jose Alfredo Jimenez, and Mohamed Abdo Yehiya.

2.       Defendants own, operate, or control a retail food store, located at 25 E Gun Hill Rd, Bronx, NY 10467, under the name "Kings Finest Deli" and at 25 E Gun Hill Rd, Bronx, NY 10467, under the name "King Finest Deli".

3.      Upon information and belief, individual Defendants Mansour Yehya, Jose Alfredo Jimenez, and Mohamed Abdo Yehiya, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the delis as a joint or unified enterprise.

4.      Plaintiff Fernandez was employed as a cook and delivery worker at the delis located at 25 E Gun Hill Rd, Bronx, NY 10467, and 25 E Gun Hill Rd, Bronx, NY 10467.

5.      At all times relevant to this Complaint, Plaintiff Fernandez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Fernandez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants failed to pay Plaintiff Fernandez wages on a timely basis.

8.      In this regard, Defendants have failed to provide timely wages to Plaintiff Fernandez Defendants' conduct extended beyond Plaintiff Fernandez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fernandez and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Fernandez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11.     Plaintiff Fernandez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Fernandez's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate retail food store located in this district. Further, Plaintiff Fernandez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Rigoberto Emmanuel Fernandez Estevez ("Plaintiff Fernandez" or "Mr. Fernandez") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Fernandez was employed by Defendants at Kings Finest Deli from approximately October 2015 until on or about March 28, 2022.

16.     Plaintiff Fernandez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate, or control a retail food store, located at 25 E Gun Hill Rd, Bronx, NY 10467, under the name "Kings Finest Deli" and at 25 E Gun Hill Rd, Bronx, NY 10467, under the name "King Finest Deli".

18.     Upon information and belief, Kings Finest Deli Inc. (d/b/a Kings Finest Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 25 E Gun Hill Rd, Bronx, NY 10467.

19.     Upon information and belief, King's Deli & Grocery, Inc. (d/b/a King Finest Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 25 E Gun Hill Rd, Bronx, NY 10467.

20.     Defendant Mansour Yehya is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mansour Yehya is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mansour Yehya possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Fernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.    Defendant Mohamed Abdo Yehiya is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mohamed Abdo Yehiya is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mohamed Abdo Yehiya possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Jose Alfredo Jimenez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jose Alfredo Jimenez is sued individually in his capacity as a manager of Defendant Corporations. Defendant Jose Alfredo Jimenez possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.    Defendants operate retail food store located in a neighborhood in the Bronx.

24.    Individual Defendants, Mansour Yehya, Jose Alfredo Jimenez, and Mohamed Abdo Yehiya possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Fernandez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Fernandez, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Fernandez (and all similarly situated employees) and are Plaintiff Fernandez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Fernandez and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Mansour Yehya and Mohamed Abdo Yehiya operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Fernandez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Fernandez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Fernandez's services.

31.     In each year from 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the delis on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Fernandez is a former employee of Defendants who was employed as a cook and delivery worker.

34.     Plaintiff Fernandez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rigoberto Emmanuel Fernandez Estevez*

35.     Plaintiff Fernandez was employed by Defendants from approximately October 2015 until on or about March 28, 2022.

36.     Defendants employed Plaintiff Fernandez as a cook and a delivery worker.

37.     Plaintiff Fernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.     Plaintiff Fernandez's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Fernandez regularly worked in excess of 40 hours per week.

40.     From approximately August 2016 until on or about June 2017, Plaintiff Fernandez worked as a cook and a delivery worker from approximately 4:00 p.m. until on or about 2:00 a.m., 6 to 7 days a week (typically 60 to 70 hours per week).

41.     From approximately July 2017 until on or about March 19, 2020, Plaintiff Fernandez worked as a cook and a delivery worker from approximately 5:00 a.m. until on or about 4:00 p.m., 6 to 7 days a week (typically 66 to 77 hours per week).

42.     From approximately September 15, 2021 until on or about March 28, 2022, Plaintiff Fernandez worked as a cook and a delivery worker from approximately 6:00 a.m. until on or about 4:00 p.m., 7 days a week (typically 70 hours per week).

43.     Throughout his employment, Defendants paid Plaintiff Fernandez his wages in cash.

44.     From approximately August 2016 until on or about June 2017, Defendants paid Plaintiff Fernandez $11.00 per hour.

45.     From approximately July 2017 until on or about March 2022, Defendants paid Plaintiff Fernandez $12.00 per hour.

46.     Plaintiff Fernandez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.     For example, approximately once or twice a month, Defendants required Plaintiff Fernandez to work an additional 6 to 8 hours past his scheduled departure time every time his coworkers did not show up for their shift. Defendants did not compensate Plaintiff Fernandez for the additional time worked covering these shifts.

48.     Defendants never granted Plaintiff Fernandez any breaks or meal periods of any kind.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Fernandez regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Fernandez an accurate statement of wages, as required by NYLL 195(3).

51.     Defendants did not give any notice to Plaintiff Fernandez, in English and in Spanish (Plaintiff Fernandez's primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fernandez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

53.     Plaintiff Fernandez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54.      Defendants' pay practices resulted in Plaintiff Fernandez not receiving payment for all his hours worked and resulted in Plaintiff Fernandez's effective rate of pay falling below the required minimum wage rate.

55.      Defendants habitually required Plaintiff Fernandez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

56.

57.      Defendants paid Plaintiff Fernandez his wages in cash.

58.      Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59.      Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Fernandez (and similarly situated individuals) worked, and to avoid paying Plaintiff Fernandez properly for his full hours worked.

60.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.      Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Fernandez and other similarly situated former workers.

62.      Defendants failed to provide Plaintiff Fernandez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.     Defendants failed to provide Plaintiff Fernandez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.     Plaintiff Fernandez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65.     At all relevant times, Plaintiff Fernandez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

66.     The claims of Plaintiff Fernandez stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

67.     Plaintiff Fernandez repeats and realleges all paragraphs above as though fully set forth herein.

68.     At all times relevant to this action, Defendants were Plaintiff Fernandez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Fernandez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71.     Defendants failed to pay Plaintiff Fernandez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72.     Defendants' failure to pay Plaintiff Fernandez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73.     Plaintiff Fernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74.     Plaintiff Fernandez repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Fernandez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76.     Defendants' failure to pay Plaintiff Fernandez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77.     Plaintiff Fernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

78.      Plaintiff Fernandez repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Fernandez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Fernandez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

80.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Fernandez less than the minimum wage.

81.     Defendants' failure to pay Plaintiff Fernandez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

82.     Plaintiff Fernandez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

83.      Plaintiff Fernandez repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Fernandez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.     Defendants' failure to pay Plaintiff Fernandez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff Fernandez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

87.      Plaintiff Fernandez repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants failed to provide Plaintiff Fernandez with a written notice, in English and in Spanish (Plaintiff Fernandez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89.     Defendants are liable to Plaintiff Fernandez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

90.      Plaintiff Fernandez repeats and realleges all paragraphs above as though fully set forth herein.

91.     With each payment of wages, Defendants failed to provide Plaintiff Fernandez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92.     Defendants are liable to Plaintiff Fernandez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

93.      Plaintiff Fernandez repeats and realleges all paragraphs above as though set forth fully herein.

94.      Defendants did not pay Plaintiff Fernandez on a regular weekly basis, in violation of NYLL §191.

95.      Defendants are liable to Plaintiff Fernandez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fernandez respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fernandez and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fernandez and the FLSA Class members;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Fernandez and the FLSA Class members;

(e)      Awarding Plaintiff Fernandez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)       Awarding Plaintiff Fernandez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)       Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fernandez;

(h)       Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fernandez;

(i)       Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Fernandez;

(j)       Awarding Plaintiff Fernandez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)       Awarding Plaintiff Fernandez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(l)       Awarding Plaintiff Fernandez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(m)        Awarding Plaintiff Fernandez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(n)       Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(o)      All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Fernandez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 25, 2022

CSM LEGAL, P.C

By:      _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

April 27, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Rigoberto Emanuel Fernandez Estevez

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:          Rigoberto Enmuel Fernandez

Date / Fecha:               27 de Abril

*Certified as a minority-owned business in the State of New York*